IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARQUES ANDREW JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-185-LPS |
| | ) | |
| WARNER BROS. ENTERTAINMENT INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**DEFENDANT TOWNSQUARE MEDIA, INC.'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT AND JOINDER IN OTHER
DEFENDANTS' MOTIONS TO DISMISS**

Defendant Townsquare Media, Inc. ("Townsquare") respectfully moves to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6), Federal Rules of Civil Procedure. The Amended Complaint, like the initial Complaint, fails to identify any specific statement – false or otherwise – allegedly made by Townsquare, a key requirement for Plaintiff's libel and false light claims against Townsquare. Additional grounds for dismissal are well explained in the briefings in support of the motions to dismiss by Defendants Warner Bros. Entertainment Inc., TMZ Productions, Inc., and TTT West Coast, Inc. (the "TMZ Brief") and by Defendants BET Interactive, LLC, CBS Interactive, Inc., Daily News, L.P., Gannet Company, Inc., iHeartMedia, Inc., Interactive One, LLC, Real Times Media, LLC, and Viacom International, Inc. (the "BET Brief"). Townsquare joins and adopts the arguments set forth in those briefs, including that Plaintiff's claims are time-barred under the applicable statute of limitations and the failure of

Plaintiff to adequately allege that any statements were made with actual malice.[1]  For those reasons and the reasons set forth herein, the claims against Townsquare should be dismissed with prejudice.

The legal deficiencies of the Amended Complaint are especially stark with regard to Townsquare.  The 187-paragraph Amended Complaint contains exactly two paragraphs (¶¶ 35 and 39) that so much as mention Townsquare or the website it publishes.  Paragraph 35 alleges in full:

> Defendant, Townsquare Media, Inc. ("Townsquare"), is a Delaware Corporation which may be served at 2711 Centreville Road, Suite 400, Wilmington, DE 19808.  Townsquare publishes the internationally known hip-hop magazine and website XXL.  Townsquare, by and through XXL, also published the false news stories about Marques.

Paragraph 39 alleges in full:

> Further, this Court has jurisdiction over this matter because Defendants Warner Bros., BET, Daily News, Interactive One, CBS, Gannet, Viacom, Townsquare and iHeartMedia are businesses formed and organized under the laws of Delaware.

Aside from these two paragraphs, the Amended Complaint contains no other specific allegations or references to Townsquare or any alleged publication of Townsquare.  In other words, the sole allegations that the Amended Complaint makes against Townsquare are (1) that it is incorporated in Delaware, and (2) that it published "false news stories about Marques."  It gives no hint of when or how Townsquare allegedly published these "false news stories," nor does it specify any

---

[1] As the BET Brief makes clear, the failure of Plaintiff, as a public figure, to make sufficient allegations of actual malice requires dismissal of the defamation claim.  That failure also automatically bars the claim for false light invasion of privacy, regardless of whether plaintiff is a public figure.  *See, e.g.*, *Mallory v. S & S Publishers*, No. 14-5702, 2016 WL 909247, at *12 (E.D. Pa. Mar. 10, 2016) (actual malice is a required element of a false light claim); *Q-Tone Broadcasting Co. v. Musicradio of Maryland, Inc.*, No. 93C-09-021, 19994 WL 555391, at * 9 (Del. Super. Ct. Aug. 22, 1994) (same).

statement, actionable or otherwise, that allegedly appeared in these unidentified "news stories." Notably, the one part of the Amended Complaint in which Plaintiff actually attempts to identify specific facts and quote specific statements allegedly made by some defendants—*see* Am. Compl. ¶ 111—is completely devoid of any reference to Townsquare.

The perfunctory, single-sentence allegation against Townsquare's purported "news stories" cannot survive Rule 12(b)(6). *See, e.g.*, *Turk v. Salisbury Behavioral Health, Inc.*, No. 09-CV-6181, 2010 WL 171826 at *4 (E.D. Pa. Apr. 27, 2010) (dismissing defamation claim under Pennsylvania law when plaintiff alleged only that defendants "disseminated false statements," without identifying "the substance of the alleged defamatory statements, or . . . the circumstances under which they were allegedly made"); *Smiley v. Daimler Chrysler*, 538 F. Supp. 2d 711, 716 (D. Del. 2008) (dismissing defamation claim under Delaware law when plaintiff asserted only "labels and conclusions" and failed to "provide the statements that were allegedly made" or "identify to whom the statements were made or published").

Plaintiff's initial Complaint suffered from these very same deficiencies, and Townsquare identified them in its first motion to dismiss. Plaintiff now has had an opportunity to amend, but he has done nothing to remedy the fundamental defects that require that his claims be dismissed. He does not and cannot state a claim against Townsquare, and he should not be entitled to any more bites at this imaginary apple.

For the reasons set forth above and set forth in the TMZ Brief and the BET Brief, Townsquare respectfully requests that the Court grant this motion and dismiss Townsquare with prejudice.

| | |
|---|---|
| Date: September 23, 2016 | BAYARD, P.A.<br><br>_/s/ Stephen B. Brauerman_<br>Stephen B. Brauerman (No. 4952)<br>Sara E. Bussiere (No. 5725)<br>222 Delaware Ave., Suite 900<br>Wilmington, DE 19801<br>*sbrauerman@bayardlaw.com*<br>Phone: (302) 655-5000<br>Fax: (302) 658-6395<br><br>Mark I. Bailen (*pro hac vice*)<br>James F. Romoser (*pro hac vice*)<br>BAKER & HOSTETLER LLP<br>Washington Square, Suite 1100<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5304<br>*mbailen@bakerlaw.com*<br>*jromoser@bakerlaw.com*<br>Phone: (202) 861-1500<br>Fax: (202) 861-1783<br><br>*Counsel for Defendant Townsquare Media, Inc.* |